UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLESETTA MOORE. SR., et al., | No. 2:25-cv-0034-DAD-CKD (PS) |
| Plaintiff, | |
| v. | ORDER |
| C.F.Y. DEVELOPMENT INC., et al., | |
| Defendants. | |

This action was referred to the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). A pro se complaint filed by plaintiff Charlesetta Moore (ECF No. 1) is before the court for screening. Plaintiff Moore also filed an application in support of a request to proceed in forma pauperis. (ECF Nos. 2.) Plaintiff Moore's application makes the showing required by 28 U.S.C. § 1915. The court grants plaintiff Moore leave to proceed in forma pauperis ("IFP").[1]

---

[1] The complaint also lists Elizabeth McDaniels as a second plaintiff. However, McDaniels neither signed the complaint nor submitted an application to proceed in forma pauperis. Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper ... be signed by … a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). In addition, "[w]here there are multiple plaintiffs in a single action, the plaintiffs may not proceed in forma pauperis unless all of them demonstrate inability to pay the filing fee." Darden v. Indymac Bancorp, Inc., No. CIV S-09-2970 JAM DAD, 2009 WL 5206637, at *1 (E.D. Cal. Dec. 23, 2009). Accordingly, for both plaintiffs to proceed in this case, the following must occur: (1) both plaintiffs must sign an amended complaint and (2) either the filing fee must be paid or plaintiff McDaniels must also submit an application to proceed IFP and be granted leave to proceed IFP.

1

I.      **Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. See Neitzke v. Williams, 490 U.S. 319, 327 (1989); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). To state a claim, the plaintiff must allege enough facts for the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570.

II.     **Plaintiff Moore's Allegations**

Plaintiff brings this action against C.F.Y. Development Inc., Cyrus Youssefi, Linda Rowland, Raisa Cruz, and Katherine Seymour. (ECF No. 1 at 2-3.) Plaintiff suffered "violations, unlawful actions, discrimination, IIED, … harassment[,]" fear for life, negligence, and breach of lease and contract while living at Galt Place Senior Apartments from November 2021 to February 2024 (Id. at 5 & 7.) Plaintiff left the unit clean and did not receive the full deposit back. (Id. at 7.)

III.    **The Complaint Must be Dismissed**

Plaintiff's complaint does not contain a short and plain statement of a claim as required by Fed. R. Civ. P. 8(a)(2). The complaint does not contain factual allegations describing the specific actions or omissions that any defendant took relating to plaintiff's claims. The court is unable to

discern what causes of action plaintiff intends to bring against whom or what factual allegations support those causes of action. Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

The complaint also fails to state a claim. "[N]aked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice to state a claim. Twombly, 550 U.S. at 555-57 (2007); see also Iqbal, 556 U.S. at 678. In other words, for example, plaintiff cannot state a claim based on discrimination or negligence merely by alleging discrimination or negligence occurred. Instead, plaintiff must set forth the factual allegations on which any such claim is based (i.e., who did what, when, and where).

The court also notes plaintiff attached to the complaint approximately 66 pages of exhibits, unincorporated by reference and unexplained by any allegations. Although the court liberally construes pro se complaints, the court will not comb through attached exhibits to determine whether a claim could possibly be stated based on material in the exhibits where the pleading itself does not state a claim. See Samtani v. City of Laredo, 274 F. Supp. 3d 695, 698 (S.D. Tex. 2017); Johnston v. CDCR Health Care, No. 1:21-CV-01322-JLT-BAM-PC, 2022 WL 183432, at *1 (E.D. Cal. Jan. 20, 2022). Accordingly, in any amended complaint, plaintiff must include factual allegations in the complaint itself, rather than relying on the content of any exhibits, in order to state a claim.

### IV. Conclusion and Order

The complaint must be dismissed because it does not contain sufficient factual content to allow the court to draw the reasonable inference that any named defendant is liable for any misconduct alleged. However, the court grants leave to file an amended complaint. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect... a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."); see also Fed. R. Civ. P. 15(a) (leave to amend should be freely given when justice so requires). An amended complaint must be complete

3

1  in itself without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967); Local Rule 220.

In accordance with the above, IT IS ORDERED as follows:

1. Plaintiff Moore's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff Moore's complaint (ECF No. 1) is DISMISSED with leave to amend.

3. Plaintiffs are granted 30 days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; plaintiffs are cautioned that failure to file an amended complaint or otherwise respond to this order will result in a recommendation that this action be dismissed.

Dated: March 11, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, moor25cv0034.screen