UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLESETTA MOORE. SR., | No. 2:25-cv-0034-DAD-CKD (PS) |
| Plaintiff, | |
| v. | ORDER |
| C.F.Y. DEVELOPMENT INC., et al., | |
| Defendants. | |

Plaintiff Charlesetta Moore[1] proceeds pro se and in forma pauperis and seeks relief under the Fair Housing Act. This action was referred to the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). Plaintiff's first amended complaint (ECF No. 4) is before the court for screening.

**I.     Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27

---

[1] The initial complaint filed in this action listed Charlesetta Moore and Elizabeth McDaniels as plaintiffs, both proceeding without counsel. However, Elizabeth McDaniels has neither sought to proceed in forma pauperis nor signed a pleading filed in this action. The docket will be updated to reflect Charlesetta Moore as the sole plaintiff.

1

1   (2000). In reviewing a complaint under this standard, the court accepts as true the factual
2   allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes
3   those allegations in the light most favorable to the plaintiff. See Neitzke v. Williams, 490 U.S.
4   319, 327 (1989); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th
5   Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

6         Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines
7   v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory
8   allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council
9   v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of
10  action does not suffice to state a claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic
11  Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). To state a claim, the plaintiff must allege
12  enough facts for the court to draw the reasonable inference that the defendant is liable for the
13  misconduct alleged. See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570.

14      **II.    Allegations in the FAC**

15        Plaintiff brings this action for damages against defendants C.F.Y. Development Inc.,
16  Cyrus Youssefi, Linda Rowland, Raisa Cruz, and Katherine Seymour. (ECF No. 4 at 2-3, 5.)
17  Plaintiff resided at 400 D Street at the Galt Place Senior Apartments ("G.P.S.A.") from
18  November 2021 to February 2024, where tenants have suffered poor treatment and rising rent.
19  (Id. at 5, 7.) Plaintiff suffered mental, physical, emotional, and financial damages from
20  discrimination and violations of the Fair Housing Act. (Id. at 6-7.) She moved to G.P.S.A. trying
21  to heal from loss, disasters, and chronic pain, but it was an unsanitary, disturbing, and a very
22  stressful place to live. (Id. at 8-9.) Plaintiff's rent was increased four times in one year. (Id. at 8.)
23  Her door handle was shaken many times at night which caused emotional distress. (Id.) Plaintiff's
24  key card was deactivated three times, preventing access to the building. (Id.) Maintenance staff
25  stole possessions from apartments. (Id. at 9.) Fire alarms went off multiple times per month. (Id.)

26        Defendant Youssef said in a City Council meeting that "he is responsible for all Damages
27  of G.P.S.A." (ECF No. 4 at 7.) Defendant Rowland was aware of complaints and reports and did
28  not address them. (Id.) Defendant Seymour increased rent more than three times without notifying

2

SHRA, overcharged for rent multiple times, and "made adjustments." (Id. at 8.) Defendant Cruz used a racial slur directed at plaintiff and entered without notice after knocking three times. (Id.)

### III.     Discussion

Compared to the original complaint, the first amended complaint provides more factual allegations regarding the actions of the individual defendants. However, the first amended complaint still fails to state a claim.

Generally, the Fair Housing Act ("Act") "bars discriminatory housing policies and practices" based on "certain protected characteristics or traits." SW. Fair Housing Council, Inc. v. Maricopa Domestic Water Improvement Dist., 17 F.4th 950, 955 (9th Cir. 2021). The Act provides a private right of action for an "aggrieved person" subjected to an alleged discriminatory housing practice. 42 U.S.C. § 3613(a)(1)(A). Among other things, the Act makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b).

To establish a prima facie case of discrimination under the FHA, plaintiff must first show (1) she is a member of a protected class; (2) she was denied a rental relationship or otherwise treated differently in the terms, conditions, or privileges of her rental relationship, or in the provision of services or facilities to her as a tenant; and (3) the different treatment was, at least in part, because of her protected class status. See Scoggins v. Turning Point of Cent. California, Inc., No. 1:22-CV-01542-EPG, 2023 WL 2354820, at *4 (E.D. Cal. Mar. 3, 2023); 42 U.S.C. § 3604(b); Gamble v. City of Escondido, 104 F.3d 300, 305 (9th Cir. 1997) (FHA claims are analyzed under a burden shifting test).

Here, plaintiff does not allege she is a member of a protected class. But even if the court could infer that plaintiff is a member of a protected class, the complaint lacks facts showing plaintiff received different treatment because of protected class status.

Plaintiff alleges a defendant directed a racial slur toward her. While deplorable, a single such instance is insufficient to establish a violation of the Act. In general, isolated events will rarely be sufficient to demonstrate a violation of federal antidiscrimination laws. See Fried v.

Wynn Las Vegas, LLC, 18 F.4th 643, 648 (9th Cir. 2021) ("A single incident of harassment can support a claim of hostile work environment ... but for a single incident to suffice, it 'must be extremely severe.'"). "[A]llegations that discrimination was a motivating factor behind a defendant's actions are essential to plead a disparate-treatment claim[.]" Sw. Fair Hous. Council, Inc., 17 F.4th at 972.

Plaintiff's amended complaint fails to suggest the defendants' conduct in relation to the provision of services or facilities to plaintiff as a tenant was motivated by plaintiff's protected status. Instead, plaintiff appears to allege she was treated poorly in a manner similarly to the way other tenants were treated. Thus, the amended complaint's allegations fail to state a claim for FHA discrimination. See Gibson v. Cmty. Dev. Partners, No. 3:22-CV-454-SI, 2022 WL 10481324, at *5 (D. Or. Oct. 18, 2022) ("Because Plaintiff has not alleged that she was treated differently from other tenants at all, let alone because of a protected status, Plaintiff's complaint fails to state a claim for discrimination.").

### IV.     Conclusion and Order

The first amended complaint fails to state a claim and must be dismissed. Plaintiff is granted another opportunity to amend. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect... a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."); Fed. R. Civ. P. 15(a) (leave to amend should be freely given when justice so requires). If plaintiff elects to file a further amended complaint, it must be complete in itself without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967); Local Rule 220.

In accordance with the above, IT IS ORDERED as follows:

1. The Clerk of the Court is directed to update the docket to reflect that Elizabeth McDaniels is not a plaintiff in this case.
2. Plaintiff's first amended complaint (ECF No. 4) is DISMISSED with leave to amend.
3. Plaintiff is granted 30 days from the date of service of this order to file a further amended complaint that complies with the requirements of the Federal Rules of Civil Procedure

and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and should be labeled "Second Amended Complaint"; plaintiff is cautioned that failure to file an amended complaint or otherwise respond to this order will result in a recommendation that this action be dismissed.

Dated:  June 3, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, moor25cv0034.screen.fac

5