UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLESETTA MOORE. SR., | No. 2:25-cv-0034-DAD-CKD (PS) |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| C.F.Y. DEVELOPMENT INC., et al., | |
| Defendants. | |

Plaintiff Charlesetta Moore proceeds pro se and in forma pauperis[1] and seeks relief under the Fair Housing Act. This action was referred to the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). Plaintiff's second amended complaint ("SAC") is before the court for screening. The SAC fails to state a claim upon which relief can be granted and the undersigned recommends dismissal of the SAC without further leave to amend.

**I.     Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is

---

[1] Because the court has already granted plaintiff leave to proceed in forma pauperis in this action (see ECF No. 3), plaintiff's further motions to proceed in forma pauperis (ECF Nos. 5, 12) submitted with amended complaints are unnecessary.

1

1  immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27
2  (2000).

## II.    Allegations in the SAC

Plaintiff brings this action for damages against defendants C.F.Y. Development Inc., Cyrus Youssefi, Raisa Cruz, Katherine Seymour, and Linda Rowland. (ECF No. 11 at 3-4.)

Plaintiff formerly resided at 400 D Street at the Galt Place Senior Apartments ("GPSA") from November 2021 until February 2024. (ECF No. 11 at 5, 7.) Plaintiff moved to GPSA to heal but there were many problems including a closed office, expired elevator permit, unsanitary elevator, barking dogs, rent increases without notice to SHRA, fire alarms, and overcharges. (Id. at 12.) Upon move out, plaintiff did not receive the full deposit returned. (Id. at 5.) While living there, plaintiff suffered trauma, emotional and physical stress, harassment, and discrimination from management which caused negatively affected plaintiff's health. (Id. at 7-8.)

Plaintiff's door handle was shaken many times at night which caused emotional distress. (Id. at 12.) The site manager used a racial slur when referring to plaintiff. (Id.) Plaintiff's key card was deactivated three times and plaintiff's apartment was entered without notice. (Id.) Upon move out, plaintiff's deposit was not returned or the $1,200.00 overcharge for rent. (Id. at 13.)

## III.   Discussion

The SAC sets forth substantially the same allegations that were alleged in the first amended complaint. The SAC does not state a claim under the Fair Housing Act ("FHA").

The FHA "bars discriminatory housing policies and practices" based on "certain protected characteristics or traits." SW. Fair Housing Council, Inc. v. Maricopa Domestic Water Improvement Dist., 17 F.4th 950, 955 (9th Cir. 2021). The Act provides a private right of action for an "aggrieved person" subjected to an alleged discriminatory housing practice. 42 U.S.C. § 3613(a)(1)(A). Among other things, the Act makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). To establish a prima facie case of discrimination under the FHA, a plaintiff must first show (1) she is a member of a protected class; (2) she was denied a

rental relationship or otherwise treated differently in the terms, conditions, or privileges of her rental relationship, or in the provision of services or facilities to her as a tenant; and (3) the different treatment was, at least in part, because of her protected class status. See Scoggins v. Turning Point of Cent. California, Inc., No. 1:22-CV-01542-EPG, 2023 WL 2354820, at *4 (E.D. Cal. Mar. 3, 2023); 42 U.S.C. § 3604(b).

As the court previously noted in screening plaintiff's first amended complaint (ECF No. 10 at 3), a single instance of a defendant using a racial slur is insufficient to establish a violation of the FHA. Here, there are no other allegations that suggest any difference in treatment because of plaintiff's membership in a protected class. Isolated instances will not usually demonstrate a violation of federal antidiscrimination laws. See generally Fried v. Wynn Las Vegas, LLC, 18 F.4th 643, 648 (9th Cir. 2021). Plaintiff's allegations about the poor housing conditions at GPSA do not suggest that discrimination was a motivating factor behind the defendants' actions. In short, the SAC fails to state a claim for FHA discrimination. See Sw. Fair Hous. Council, Inc., 17 F.4th at 972 ("allegations that discrimination was a motivating factor behind a defendant's actions are essential to plead a disparate-treatment claim").

### IV. Conclusion, Order, and Recommendation

The SAC fails to state a claim and must be dismissed. The court previously advised plaintiff of the deficiencies in the first amended complaint and plaintiff presented substantially the same allegations in the SAC. It now clearly appears that granting further leave to amend would be futile. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (leave to amend shall be freely given, but the court does not have to allow futile amendments). Thus, the dismissal should be without further leave to amend. See California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988) (Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility.").

In accordance with the above, IT IS ORDERED that plaintiff's further motions to proceed in forma pauperis (ECF Nos. 5, 12) are DENIED as unnecessary because plaintiff already proceeds in forma pauperis in this action.

////

In addition, IT IS RECOMMENDED as follows:

1. Plaintiff's second amended complaint (ECF No. 11) be dismissed without further leave to amend for failure to state a claim.

2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 11, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, moor25cv0034.scrn.sac.fr